**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01616-REB

MARILYN ODETTE WEBB,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed July 9, 2010, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of blindness in her right eye, glaucoma in her left eye, diabetes mellitus, bilateral knee pain, bilateral shoulder pain, asthma, and bilateral carpal tunnel syndrome. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on May 12, 2008. At the time of the hearing, plaintiff was 53 years old. She has a high school education and past relevant work experience as a fast food worker and manager. She has not engaged in substantial gainful activity

since July 25, 2005, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments were found to be not severe. The ALJ found that plaintiff had the residual functional capacity to perform work at all exertional levels, limited only by the requirement that she avoid workplace hazards such as unprotected heights and moving machinery. As this finding did not preclude plaintiff's past relevant work, the ALJ found her not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff maintains that the ALJ erred by (1) finding that bilateral carpal tunnel syndrome and knee osteoarthritis were not severe impairments at step two of the sequential evaluation and therefore failing to include limitations related to those complaints in his assessment of plaintiff's residual functional capacity at step four; (2)

failing to afford proper weight to the opinion of plaintiff's treating physician regarding the degree of functional limitation occasioned by her impairments; and (3) discrediting plaintiff's subjective reports of pain. In addition, she claims the Appeals Council wrongfully failed to consider new and material evidence submitted after the hearing. Finding no reversible error in the ALJ's decision, I affirm.

Of plaintiff's numerous alleged impairments, the ALJ found only two to be severe: blindness in her right eye and glaucoma in the left. (Tr. 13.) He found that plaintiff's knee osteoarthritis and bilateral carpal tunnel syndrome were not severe primarily because the medical records showed minimal, conservative treatment for these conditions. Plaintiff insists that the fact of sporadic treatment is not determinative of disability, relying on **Shaw v. Chater**, 221 F.3d 126 (2nd Cir. 2000). That case is not binding on me and is clearly distinguishable on its facts in any event. Although the plaintiff in **Shaw** did not seek medical treatment for a period of three years, he did so only after five previous years of regular treatment proved unavailing. Given that the plaintiff experienced no improvement of his condition and the lack of alternative therapies available to him, the court found it entirely reasonable for him to have discontinued treatment, particularly in light of his expressed inability to afford further medical care. **Id.** at 133.[1]

---

[1] There are intermittent references in the record to plaintiff's lack of insurance coverage. (**See, e.g.** Tr. 243, 361.) Nevertheless, it appears that plaintiff was able to obtain regular treatment for her numerous medical conditions during the relevant time period, including medications, and she does not argue that she was indigent or otherwise unable to afford treatment. **Cf. Ky v. Astrue**, 2009 WL 68760 at *4 n.4 (D. Colo. Jan. 8, 2009) (lack of medical treatment not probative where plaintiff is indigent). **See also Murphy v. Sullivan**, 953 F.2d 383, 386-87 (8th Cir. 1992) (lack of evidence that plaintiff sought out low-cost medical alternatives or was denied care due to lack of finances supported determination that indigence was not responsible for failure to obtain treatment).

Unlike the plaintiff in *Shaw*, there is no "compelling evidence" of the disabling nature of plaintiff's osteoarthritis and carpal tunnel syndrome. *Id.* Clearly, plaintiff suffers from both conditions, but as the ALJ noted, references in the record to osteoarthritis and carpal tunnel syndrome are scant. (*See* Tr. 16-17.) Despite the *de minimis* showing required to demonstrate severity at step two, the mere existence of a condition is insufficient to satisfy it. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Dr. David Seff examined the medical evidence on behalf of the Commissioner and found that both these conditions were mild and stable and therefore concluded that they were not severe. (Tr. 239.) That determination supports the ALJ's step two determination. (Tr. 13,17.) The question then is whether the ALJ instead should have accepted the contrary opinion of plaintiff's treating physician, Dr. Quinn Lichfield, who imposed substantially greater restrictions on plaintiff's ability to do work-related activity due to pain associated with osteoarthritis and carpal tunnel syndrome, as well as bilateral shoulder pain. (*See* Tr. 332-339.)

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.

1987). Even when a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[2] Despite the deference usually afforded treating source opinions, however, they are not sacrosanct, and "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996).

The ALJ here concluded that Dr. Lichfield's opinion was entitled to "no significant weight" because it did not identify laboratory and clinical findings to support the limitations imposed, appeared to be largely based on plaintiff's subjective reports of pain, and was inconsistent with the medical evidence. (Tr. 18.) Although the first two of

---

[2]  These factors include:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2)-(6). Contrary to plaintiff's argument, however, the ALJ is not required to discuss each of these factors as a litany. *See Mestas v. Astrue*, 2010 WL 3604395 at *3 (D. Colo. Sept. 7, 2010). The ALJ's suggestion that he considered all factors is sufficient to substantiate that he discharged his responsibility in this regard, at least insofar as the record suggests no reason to dispute it. *See Cox v. Apfel*, 2000 WL 1472729 at * 8 (D. Kan. Feb. 24, 2000) (citing *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498-99 (10th Cir. 1992)).

these reasons would not provide good cause for discrediting a treating source opinion,[3] the third does.  The ALJ's thorough review of the record revealed that plaintiff had not sought treatment for carpal tunnel syndrome since 2004 (*see* Tr. 126), prior to her alleged date of onset and during a period when she was still working, *see* 20 C.F.R. § 404.1520(b).[4]  Although plaintiff periodically mentioned pain in her knees to her treating doctors and took medication for pain (*see* Tr. 224, 245-246, 270), she was treated conservatively (*see* Tr. 246 (prescribing Tylenol for knee pain)), and what few medical records exist show minimal evidence of limiting symptoms (*see* Tr. 218, 219 (recounting full range of motion in the joints); 227, 229 (reporting no musculoskeletal symptoms)). In light of this evidence, I find no error in the ALJ's determination to afford no weight to Dr. Lichfield's opinion that plaintiff experiences substantial pain "[e]very minute of every day," despite his treating relationship with plaintiff.  (Tr. 334.)[5]

After the ALJ issued his decision, however, Dr. Lichfield authored a letter refuting the reasons given for discrediting his opinion.  (Tr. 361.)  Plaintiff maintains that the

---

[3] A claim of disability cannot be premised on the lack of objective medical evidence alone.  *See* 20 C.F.R. § 404.1529(c)(2).  Moreover, "[a] medical opinion based on a physician's evaluation of the patient's medical history, observations of the patient, and an evaluation of the credibility of the patient's subjective complaints of pain, is medical evidence supporting a claim of disabling pain, even if objective test results do not fully substantiate the claim."  ***Orender v. Barnhart***, 2002 WL 1747501 at *6 (D. Kan. July 16, 2002) (citing ***Nieto v. Heckler***, 750 F.2d 59, 61-62 (10th Cir. 1984)).

[4] Dr. Lichfield also imposed restrictions based on shoulder pain.  Dr. Lichfield, however, did not treat plaintiff for this condition (*see* Tr. 332 (noting diagnosis of shoulder pain "worked up by previous doctor"), and my own review of the medical record finds scant reference to shoulder pain, and nothing after August, 2005. (*See* Tr. 221, 224.)

[5] Nor was the ALJ required to recontact Dr. Lichfield for further clarification in this instance.  *See* ***White v. Barnhart***, 287 F.3d 903, (10th Cir. 2001) "[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty.") (citation and internal quotation marks omitted; alterations in original).

Appeals Council was required to review this new evidence on appeal.  In general, evidence that was not before the ALJ need not be considered unless it is new, material, and relates to the period on or before the ALJ's decision.  **See** 20 C.F.R. 404.970(b); **Chambers v. Barnhart**, 389 F.3d 1139, 1142 (10th Cir. 2004).  Assuming *arguendo* that this evidence could be considered new, since it constitutes essentially Dr. Lichfield's mere disagreement with the ALJ's assessment of the medical evidence already in the record, it provides no further citation to record evidence in support of his medical opinion or additional explanation for the inconsistencies between the functional limitations he imposed and the minimal findings of record.[6]  Accordingly, I conclude that there is no "reasonable possibility that [the evidence] would have changed the outcome."  **Chambers**, 389 F.3d at 1144 (citation and internal quotation marks omitted; alteration in original).  Thus, any error in failing to specifically address this evidence was undoubtedly harmless.  **See Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988).

Finally, plaintiff argues that the ALJ improperly discredited her subjective complaints of pain and functional limitations.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (quoting **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)).  The ALJ gave clear, specific, and legitimate reasons why he did not find plaintiff's testimony entirely credible, all of which were appropriately considered and substantiated by the evidence of record.  (Tr. 14-19.)

---

[6] Dr. Lichfield, instead, stated that plaintiff's pain would vary from day to day. (Tr. 361.) This statement itself appears inconsistent with his earlier dramatic suggestions that plaintiff experiences pain "[e]very minute of the day" and "[h]urts all of the time" (Tr. 334).

Reversal therefore is not warranted.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated January 14, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge